22 P.3d 978

Marian MOLINAR, Plaintiff–Appellant,

v.

Niklaus R. SCHWEIZER,
Defendant–Appellee,

and

Does 1–20, Defendants.

No. 22091.

Supreme Court of Hawai'i.

May 11, 2001.

Magali V. Sunderland (of Trecker & Fritz), on the briefs, Honolulu, for plaintiff-appellant.

Kevin P.H. Sumida and Anthony L. Wong (of Matsui Chung Sumida & Tsuchiyama), on the briefs, Honolulu, for defendant-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by MOON, C.J.

Plaintiff-appellant Marian Molinar appeals the First Circuit Court's November 5, 1998 final amended judgment awarding her a total of $55,054.09, which includes an award of prejudgment interest, in a slip-and-fall case against defendant-appellee Nicklaus Schweizer. Specifically, Molinar claims that the trial court erred by: (1) concluding that she was not a prevailing party at trial, following the parties' involvement in the Court–Annexed Arbitration Program (CAAP); (2) awarding Schweizer, and not Molinar, trial costs as the prevailing party; and (3) denying her motion for reconsideration of the aforementioned rulings. For the reasons stated herein, we affirm the amended judgment of the trial court.

## I. BACKGROUND

On June 17, 1993, Molinar was visiting her daughter, who rented a room in Schweizer's home. Molinar slipped on a rug that was on a wooden floor in a common area of the home and broke her hip. Molinar filed a complaint against Schweizer on September 28, 1994, alleging that Schweizer breached his duty to appropriately secure the rug to the floor. Molinar sought compensation for medical and rehabilitation expenses, lost wages and reduction of future earnings capacity, emotional distress, and punitive damages. The case was subsequently assigned to the CAAP.[1] On

---

1. The CAAP was established pursuant to Hawai'i Revised Statutes (HRS) § 601–20 (1993). The CAAP is a mandatory, non-binding arbitration program for certain civil cases in the State of Hawai'i. Hawai'i Arbitration Rules (HAR) Rule 1 (1997). The purpose of the CAAP is to provide a simplified procedure for obtaining a prompt and equitable resolution of certain civil matters designated by the Judicial Arbitration Commission. HAR Rule 2 (1997).

June 3, 1996, the arbitrator issued a decision, awarding total damages of $121,171.79, but attributing 45% contributory liability to Molinar. The arbitration award specified $41,171.79 in special damages and $80,000 in general damages. In addition to the above, the arbitrator awarded $3,093.45 in costs to Molinar. The award did not contain pre-judgment interest. After reduction for Molinar's contributory liability, the total arbitration award to Molinar, excluding costs, was $66,644.48. Pursuant to Hawai'i Arbitration Rules (HAR) Rule 22, Schweizer "appealed" the arbitration award to the circuit court on June 14, 1996 and requested a trial *de novo*.

Prior to trial, Schweizer apparently made a settlement offer of $10,000, although this offer was subsequently withdrawn and was not part Schweizer's January 5, 1998 settlement conference statement. Molinar's settlement conference statement of the same date indicates that Schweizer had rejected her last offer to settle for $250,000 in November, 1997, and had made no further counteroffers. In her statement, Molinar explained that she had incurred medical and rehabilitative expenses of $42,813.79, valued her lost wages and diminished earnings capacity for the period 1993–2002 at $96,380,[2] and indicated that she was seeking unspecified damages for past pain and suffering, future pain and suffering, and loss of enjoyment of life.

Trial began on February 20, 1998, and the jury returned its special verdict on February 25, 1998, finding total damages in the amount of $77,268.90 and attributing 50% liability to Molinar. Judgment in favor of Molinar in the amount of $38,634.45, reflecting a reduction for Molinar's contributory liability, was filed on July 21, 1998. A series of post-trial motions commenced on July 10, 1998, which are the subject of this appeal.

On July 10, 1998, Schweizer filed a motion requesting that his trial costs be paid by Molinar because Schweizer was the "prevailing party" in the trial pursuant to HAR Rule 25. At the time of Schweizer's motion, HAR Rule 25 (1995)[3] stated as follows:

*The prevailing party in the trial de novo; costs.*

(A) The "Prevailing Party" in a trial de novo is the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more. For the purpose of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

(B) The "Prevailing Party" under these rules, as defined above, is deemed the prevailing party under any statute or rule of court, and as such is entitled to costs of trial and all other remedies as provided by law.

---

Pursuant to HAR Rule 6(A), "[a]ll tort cases having a probable jury award value, not reduced by the issue of liability and not in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, may be accepted into the [CAAP] at the discretion of the Judicial Arbitration Commission." If a case is submitted or ordered to the CAAP, an arbitrator is either selected by the parties or assigned to arbitrate the case. *See* HAR Rule 9 (1997). The arbitrator "shall have the general powers of a court and may hear cases in accordance with established rules of evidence and procedure, liberally construed to promote justice and the expeditious resolution of disputes." HAR Rule 11(A) (1997). The arbitrator must generally hold a hearing and file a written arbitration award "no later than nine (9) months from the date of service of the complaint to all defendants," subject to extension of this period for good cause. HAR Rule 15(A) & (B) (1997). Unless any party "appeals" the arbitrator's decision within twenty days of receiving it, the arbitration award is thereafter entered as a

final judgment of the circuit court. *See* HAR Rule 21 (1999).

A party can appeal the arbitration decision to the circuit court and request a trial *de novo* by filing such a request with the court and serving it on the other parties and the CAAP administrator for the circuit. *See* HAR Rule 22 (1999). If a trial *de novo* is requested, the arbitration award is sealed by the clerk of the circuit court until after the jury verdict is filed, or, in a bench trial, the judge has rendered a decision. *See* HAR Rule 23 (1999). References to the arbitration proceeding are not permitted at trial. *Id.*

**2.** The time period was based on Molinar's expected remaining work life.

**3.** HAR Rule 25 was amended in 1999. *See infra* note 8. All references to HAR Rule 25 in this opinion are to the 1995 version in effect at the time of Molinar's arbitration proceeding and trial *de novo*, unless otherwise indicated.

Schweizer argued that he was the "prevailing party" in the trial under HAR Rule 25(A)(1) because he had secured a 30% reduction in the arbitration award [4] and, as the prevailing party, was entitled to trial costs pursuant to HAR Rule 25(B).

Molinar responded by filing a motion for judgment notwithstanding the verdict (JNOV), arguing that the jury's determination of contributory negligence and the jury's specific award for lost wages were unsupported by the evidence. Molinar requested that the trial court increase the damages by $127,013.55 and sought prejudgment interest in the amount of $84,204.85. Molinar also filed her own motion for costs in the amount of $20,055.13 pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(d) (1996),[5] alleging that she was the prevailing party in the lawsuit.

On August 31, 1998, the trial court ruled that the express language of HAR Rule 25(B) superseded HRCP Rule 54(d), and that, therefore, Schweizer was the prevailing party under both HAR Rule 25 and HRCP Rule 54(d). Of the $9,960.10 amount requested, the court awarded costs of $9,198.00 to Schweizer. In its order, the court granted those costs that were allowable pursuant to HRS § 607–9 [6] and, taking note of its responsibility in the exercise of its discretion to "sparingly" consider costs not specifically allowed in the statute, declined to grant costs attributable to interstate travel associated with a deposition taken in Arizona. The court's order ended with the statement that "[t]he court finds that the equities do not

merit any other adjustment to the costs requested...."

Thereafter, on October 29, 1998, the trial court denied Molinar's motions for JNOV and for costs, but awarded her prejudgment interest of $16,419.64, resulting in a total recovery of $55,054.09.

Molinar then filed a motion for reconsideration of the court's prevailing party determination and the subsequent award of costs to Schweizer. Molinar argued that the amount of the prejudgment interest should be added to the jury award when determining the prevailing party issue. Molinar contended that, by including the prejudgment interest, she would be the prevailing party under HAR Rule 25(A) because her total trial award of $55,054.09 would not represent a reduction of 30% of the original $66,644.48 arbitration award, and that, therefore, she, not Schweizer, was entitled to costs. On November 2, 1998, the court denied Molinar's motion for reconsideration. The court entered a final amended judgment as to all matters on November 5, 1998. Molinar timely appealed.

## II. STANDARDS OF REVIEW

### A. Determination of Prevailing Party

■■■ Our determination of who is the prevailing party involves interpretation of the HAR and the HRCP, both of which are rules promulgated by the court. "When interpreting rules promulgated by the court, principles of statutory construction apply." *Price v. Obayashi Hawaii Corp.*, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (citing

---

**4.** Thirty percent of $66,644.48, Molinar's arbitration award, is $19,993.34. Thus, in order for Schweizer to obtain a minimum 30% reduction, he would have had to secure a jury verdict of $46,651.14 or less. Molinar's trial award of $38,634.45 therefore is at least a 30% reduction in the arbitration award.

**5.** HRCP Rule 54(d) provides in relevant part:

*Costs.* Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]

**6.** HRS § 607–9 (1993) provides that:

*Cost charges exclusive; disbursements*

No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

Costs in this case are to be distinguished from attorneys' fees, which are not at issue.

*State v. Lau*, 78 Hawai'i 54, 58, 890 P.2d 291, 295 (1995)). "Interpretation of a statute is a question of law which we review *de novo.*" *Price*, 81 Hawai'i at 176, 914 P.2d at 1369 (citation omitted). Consequently, we interpret the HAR and the HRCP *de novo.*

## B. *Award of Costs*

■ "Generally, taxation of costs is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Canalez v. Bob's Appliance*, 89 Hawai'i 292, 300, 972 P.2d 295, 303 (1999) (internal quotation and citation omitted).

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*Id.* at 299, 972 P.2d at 302 (internal citations, quotations marks, and brackets omitted).

## III. *DISCUSSION*

Molinar raises four primary arguments. First, Molinar contends that, in making its prevailing party determination, the trial court erred by failing to include the amount of prejudgment interest when comparing the trial *de novo* recovery with the arbitration award. Second, Molinar argues that the trial court's determination of Schweizer as the exclusive prevailing party is erroneous because she contends that there can be more than one prevailing party. Molinar submits that, because she received a favorable jury award of damages, she, too, is a prevailing party and, thus, entitled to costs. Third, Molinar argues that the award of costs to Schweizer is an impermissible penalty against her that is contrary to the purposes of the CAAP. Finally, Molinar urges that awarding costs against her is unconstitutional. We reject each of these arguments.

A. *Molinar's Contention That Prejudgment Interest Should Be Included in the Trial De Novo Amount to Determine the Prevailing Party*

■ Molinar claims that the trial court erred in rejecting her argument that the total amount of her amended final judgment, including prejudgment interest, should be used in determining who is the prevailing party under HAR Rule 25(A). We disagree.

According to Molinar, in order to determine the prevailing party under HAR Rule 25(A), the trial court should have compared her $66,644.48 arbitration award (which does not include prejudgment interest) with her post-trial final amended judgment award of $55,054.09 (which includes $16,419.64 in prejudgment interest). Had the trial court done so, then Molinar's award would not have been reduced by the requisite 30% minimum, and she would be the prevailing party under HAR Rule 25(A) rather than Schweizer.

■ In support of her argument that prejudgment interest should be included in the calculation to determine the prevailing party, Molinar relies on, *inter alia*, *Wiegand v. Colbert*, 68 Haw. 472, 718 P.2d 1080 (1986), and *Ditto v. McCurdy*, 86 Hawai'i 93, 947 P.2d 961 (App.), *aff'd in part and rev'd in part on other grounds*, 86 Hawai'i 84, 947 P.2d 952 (1997), for the general proposition that prejudgment interest is "expressly intended to represent an essential element of plaintiff's full compensable damages." Although this proposition may be true because prejudgment interest compensates for the inevitable litigation delay in being reimbursed for damages incurred, *see Kalawaia v. AIG Hawai'i Ins. Co.*, 90 Hawai'i 167, 172, 977 P.2d 175, 180 (1999) (citing *West Virginia v. United States*, 479 U.S. 305, 310 n. 2, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987)), fully compensating the plaintiff for delay attributable to litigation is irrelevant to the determination of who is the prevailing party under HAR Rule 25. Both the amount recovered pursuant to a CAAP proceeding and the amount recovered pursuant to a trial *de novo* are grounded in the actual damages attributable to the *tortious act*, not "damages" attributable to delay in litigation. In order to meaningfully compare a plaintiff's CAAP award with the amount a plaintiff recovers at trial *de novo*, the respective amounts must be based upon the same underlying factors.

**336**

Otherwise, the trial court will have no way of determining whether an award of a different value is an improvement or a reduction. In short, we agree with Schweizer that, in this case, the court must compare "apples to apples," not "apples to oranges." Moreover, basing the determination of who is the prevailing party on extrinsic factors unrelated to the underlying merits of their respective cases will give the parties an incentive to conduct post-arbitration litigation and settlement negotiations based on these extrinsic factors, and not based on the merits of the case itself. Accordingly, we hold that the trial court did not err in failing to include prejudgment interest in its determination of who was the prevailing party.

### B. *Molinar's Contention That There Can Be More than One Prevailing Party*

■ Molinar argues that, even if Schweizer is the prevailing party under HAR Rule 25, she, too, is a prevailing party because the jury awarded her compensation as a result of her slip and fall. Molinar, therefore, believes she is entitled to have Schweizer pay her costs pursuant to HRCP Rule 54(d). Molinar suggests that there can be "more than one prevailing party by virtue of the creation of the CAAP program." We disagree.

HRCP Rule 54(d) is a general rule that allows the award of costs to the prevailing party in a civil suit. HRCP Rule 54(d) is patterned after Federal Rules of Civil Procedure (FRCP) Rule 54(d). Thus, interpretations of the rule by the federal courts are highly persuasive in the reasoning of this court. *See Wong v. Takeuchi*, 88 Hawai'i 46, 52 n. 4, 961 P.2d 611, 617 n. 4 (1998) (citations omitted). Rule 54(d) reflects the historic practice of allowing courts the discretion to award costs to the prevailing party in a suit. *See Baez v. United States Dept. of Justice*, 684 F.2d 999, 1003 (D.C.Cir.1982). Again, the text of HRCP Rule 54(d) is as follows:

*Costs.* **Except when express provision therefor is made either in a statute or in these rules**, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

(Underscore emphasis in original.) (Bold emphasis added). By the plain language of HRCP Rule 54(d) (emphasized in bold above), the trial court's ability to award costs may be circumscribed by a statute or rule of court. *See, e.g., Wong*, 88 Hawai'i at 52–55, 961 P.2d at 617–20 (illustrating application of HRS §§ 607–9 and 607–13 to specific types of costs under HRCP Rule 54(d)); *cf. Baez*, 684 F.2d at 1003 n. 22 (noting that statutes govern taxation of costs in specified instances).

■ Essential to the ability to award costs to the prevailing party, of course, is the power to determine which party is the prevailing party. This has traditionally been a matter of common law. *See, e.g., Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 619–20 & n. 5, 575 P.2d 869, 879 & n. 5 (1978) (defining and discussing "judicial definition" of prevailing party); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1180–82 (Fed.Cir.1996) (discussing various judicial approaches to the determination of who is a prevailing party); *see generally* Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 563–65 (1984) (reviewing numerous judicial decisions determining, *inter alia*, whether litigant is a "prevailing party" entitled to costs). In applying HRCP Rule 54(d), this court has stated that, "where a party prevails on the disputed main issue," that party "will be deemed to be" the prevailing party. *Food Pantry*, 58 Haw. at 619–20 & n. 3, 575 P.2d at 879 & n. 3; *accord Shanghai Investment Co., Inc. v. Alteka Co., Ltd.*, 92 Hawai'i 482, 502, 993 P.2d 516, 536 (2000); *Fought & Co., Inc. v. Steel Engineering*, 87 Hawai'i 37, 52–53, 951 P.2d 487, 502–03 (1998).

Notwithstanding the common law practice, however, the court's ability to determine the prevailing party, like its ability to award costs, is circumscribed by applicable law. In this case, the court's ability to determine the prevailing party is squarely governed by HAR Rule 25 (1995). Again, in its entirety the rule stated:

*The prevailing party in the trial de novo; costs.*

(A) The "Prevailing Party" **in a trial de novo** is the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more. For the purpose of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

(B) The "Prevailing Party" under these rules, as defined above, **is deemed the prevailing party under any statute or rule of court,** and as such is entitled to costs of trial and all other remedies as provided by law.

(Underscored emphasis in original.) (Bold emphases added.)

As the trial court properly recognized, the impact of HAR Rule 25(B) is clear and unambiguous: the prevailing party in the trial, as defined by HAR Rule 25(A), is deemed the prevailing party "under any statute or rule of court[.]" Pursuant to HAR Rule 25(A)(1), Schweizer was the prevailing party in the trial because he secured a 30% reduction in the arbitration award. Under HAR Rule 25(B), Schweizer, as the prevailing party in the trial, "is deemed the prevailing party under any statute or rule of court[.]" HRCP Rule 54(d) is without question a "statute or rule of court[.]" Therefore, under the plain and unambiguous language of HRCP Rule 54(d), as well as HAR Rule 25, Schweizer is the prevailing party. Consequently, Molinar's claim that she is the prevailing party under HRCP Rule 54(d) is foreclosed. Although Molinar may have "prevailed" in the traditional sense that she was awarded compensation from Schweizer at trial, she is not the prevailing party according to the rules of court because HAR Rule 25 supersedes any common law "prevailing party" determination.

Based on the foregoing, we hold that the trial court did not err in concluding that Molinar is not a prevailing party in this case.

C. *Molinar's Contention That the Award of Costs Is an Impermissible Penalty Against Her*

Molinar also argues that it is unfair to grant Schweizer's costs because such a grant of costs is an "impermissible penalty" contrary to the purposes of the CAAP. Molinar cites to *Kealoha v. County of Hawai'i*, 74 Haw. 308, 326, 844 P.2d 670, 679 (1993), for the proposition that "penalizing a non-appealing party with an award of costs against them is impermissible." In *Kealoha*, a motorcyclist who was injured in an accident sued the County of Hawai'i, alleging that negligent road maintenance had caused the accident and his injuries. *Id.* at 311, 844 P.2d at 672. The lawsuit was referred to the CAAP, and Kealoha received nothing as a result of the arbitrator's decision. *Id.* Kealoha then appealed the arbitrator's decision, and, after a trial *de novo*, Kealoha was awarded a total of $21,250 in damages. *Id.* at 311–12, 844 P.2d at 672–73. The trial judge also assessed $5,000 in attorney fees against the County in favor of Kealoha pursuant to HAR Rule 26.[7] *Id.* at 312, 844 P.2d at 673. On appeal, this court reversed the judgment as to the attorneys' fees, noting

---

7. HAR Rule 26 (1999) states:

SANCTIONS FOR FAILING TO PREVAIL IN THE TRIAL DE NOVO

(A) After the verdict is received and filed, or the court's decision rendered in a trial de novo, the trial court may, in its discretion, impose sanctions, as set forth below, against the non-prevailing party *whose appeal* resulted in the trial de novo.

(B) The sanctions available to the court are as follows:

(1) Reasonable costs and fees (other than attorneys' fees) actually incurred by the party but not otherwise taxable under the law, including, but not limited to, expert witness fees, travel costs, and deposition costs;

(2) Costs of jurors;

(3) Attorneys' fees not to exceed $15,000;

(C) Sanctions imposed against a plaintiff will be deducted from any judgment rendered at trial. If the plaintiff does not receive a judgment in his or her favor or the judgment is insufficient to pay the sanctions, the plaintiff will pay the amount of the deficiency. Sanctions imposed against a defendant will be added to any judgment rendered at trial.

(D) In determining sanctions, if any, the Court shall consider all the facts and circumstances of the case and the intent and purpose of the Program in the State of Hawai'i.

(Emphasis added). We note that HAR Rule 26(B)(3) also provides for attorneys' fees in addition to costs. At the time *Kealoha* was decided, the maximum fees recoverable was $5,000.

that the "clear and unambiguous" language of HAR Rule 26 specifically provides for the award of attorneys' fees against only *a party who appeals* an arbitration award but fails to attain "prevailing party" status after the trial. Because the County had not appealed, HAR Rule 26 did not apply and attorneys' fees could not be assessed against it. *Id.* at 326, 844 P.2d at 679. This court noted that the purpose of the CAAP was to reduce litigation delay and costs and that HAR Rule 26 provided a sanction against an appealing party "who insists on pursuing a trial *de novo* but fails to improve the award." *Id.* at 325–26, 844 P.2d at 678–79. In the context of applying HAR Rule 26, referring to the County, this court stated that "[a] non-prevailing party who has not appealed an award has simply lost; but that party has done nothing to frustrate the CAAP procedure. Consequently, there is no good reason to penalize that party's behavior." *Id.* at 326, 844 P.2d at 679. Molinar urges this court to apply this statement, made in the context of discussing sanctions pursuant to HAR Rule 26, to the award of costs pursuant to HAR Rule 25, arguing that, like the County in *Kealoha,* she is being "penalized" even though she is "allegedly" a non-prevailing party who did not appeal and therefore did nothing to bring the case to trial. To assess costs against her under these circumstances, Molinar argues, is contrary to the purposes of the CAAP because she did nothing to prolong the litigation in this case.

To begin the analysis of Molinar's contention, we note that Molinar has implicitly conceded that her argument is contrary to the plain text of the arbitration rules. HAR Rule 25(A) explicitly identifies two means by which a party can be declared the prevailing party. Under HAR Rule 25(A)(1), a prevailing party can be the party who *"appealed and improved upon the arbitration award by 30% or more[.]"* HAR Rule 25(A)(1) (emphasis added). Alternatively, under HAR Rule 25(A)(2), a prevailing party can be a party who *"did not appeal* and the appealing party failed to improve upon the arbitration award by 30% or more." HAR Rule 25(A)(2) (emphasis added). As discussed earlier, Schweizer clearly falls under HAR Rule 25(A)(1) and, according to HAR Rule 25(B),

is entitled to costs. HAR Rule 26, as *Kealoha* recognized, applies only in situations where an *appealing party* does not prevail and, thus, by its plain language, is inapplicable to the instant case.

By urging this court to apply the reasoning in *Kealoha* to the present situation in which HAR Rule 25 applies, Molinar is essentially arguing that she does not like the policy behind HAR Rule 25. She contends that, notwithstanding the plain language of HAR Rule 25, it is not fair that a non-appealing party could be liable for costs when the non-appealing party recovers some compensation after trial. She effectively asks this court to "amend" HAR Rule 25 so that a non-appealing party will not have to pay costs, despite such party's status as a "non-prevailing" party under HAR Rule 25. Whatever one thinks of the merits of the policy whereby a party in Molinar's position may still be liable for costs, such policy was clearly the "rule" which governed both parties' assessment of their respective litigation risks—including the possibility of being liable for costs—when Schweizer appealed. It would be unfair to retroactively change the policy now. *Cf. Wong v. Takeuchi,* 88 Hawai'i 46, 50–51, 961 P.2d 611, 615–16 (1998) (retroactive application of a statute providing for increase in attorneys' fees payable by the losing party impermissibly affected the losing party's substantive rights because the retroactive application constituted an additional burden on the losing party).

Additionally, we note that HAR Rule 25 is not as one-sided as Molinar's argument would make it appear; in conjunction with HAR Rule 26, both rules clearly establish the possible consequences to which each party may be subject for failing to prevail. In the case of a *non-appealing,* non-prevailing party, HAR Rule 25(B) provides that such party may have to pay the other's costs; in the case of an *appealing,* non-prevailing party, HAR Rule 26 provides that, in addition to paying the other's costs, such party may also have to pay costs not otherwise taxable under the law, attorneys' fees, and jury costs. *See* HAR Rule 26, *supra* note 7. Thus, an appealing party who fails to prevail is subject to potentially greater "penalties" than a non-appealing party who fails to prevail. Viewed in this context, the concern in *Kealoha* that a

non-appealing party not be "penalized" under the wrong rule—HAR Rule 26, which subjects a litigant to greater potential liability than HAR Rule 25—is distinguishable from Molinar's "penalty" under HAR Rule 25.[8]

Based on the preceding reasons, we reject Molinar's argument that this court should apply the analysis of HAR Rule 26 in *Kealoha* to determine that the award of costs against her pursuant to HAR Rule 25 is an impermissible penalty.

### D. *Molinar's Contention That the Award of Costs Is Unconstitutional*

 For the first time on appeal, Molinar contends that application of the trial court's order assessing costs against her violates the Hawai'i Constitution because it treats parties who would otherwise qualify as prevailing parties under HRCP Rule 54(d), but who participated in the arbitration process, differently than parties who did not participate in the arbitration process. Without much further elaboration, and with no citation to authority, Molinar contends that this differential treatment affects her right to petition the government for a redress of grievances,[9] and deprives her of a right or privilege secured to other citizens.[10] We decline to address the merits of these claims because issues not properly presented to the circuit court may be deemed waived on appeal. *See Kawama-*

---

**8.** On April 20, 1999, this court amended HAR Rule 25, which applies to cases in which an appeal and request for *de novo* trial were filed on or after July 1, 1999. The amended rule is thus inapplicable to the instant case. The amended version, with its new commentary, states:

THE PREVAILING PARTY IN THE TRIAL DE NOVO; COSTS

(A) The "Prevailing Party" in a trial de novo is the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more. For the purpose of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

(B) The "Prevailing Party" under these rules, as defined above, is deemed the prevailing party under any statute or rule of court. As such, the prevailing party is entitled to costs of trial and all other remedies as provided by law, **unless the Court otherwise directs.**

Commentary:

The July 1, 1999 amendment makes clear that the allowance of costs to the prevailing party is not mandatory. The amendment is intended to vest the trial court with discretion in awarding taxable costs to avoid inequitable results. In weighing the equities, the trial court may consider factors such as the nature of the case, the conduct of the parties throughout the litigation, including arbitration proceedings, the amount and timing of settlement offers made by the parties, the amount of the judgment, and other relevant factors.

For example, when a defendant appeals an Arbitration Award and the plaintiff obtains a judgment which is 30% less than the award, based on the circumstances and equities of the case, the court may award taxable costs to the plaintiff although the defendant would be considered the "prevailing party" under Section (A).

As another example, when a plaintiff appeals a "zero" Arbitration Award and obtains a "nominal" or "insignificant" judgment, based on the circumstances and equities of the case, the court may award taxable costs to the defendant although the plaintiff would be considered the "prevailing party" under Section (A). Whether a judgment is "nominal" or "insignificant" is left to the sound discretion of the court.

(Bold emphasis indicates substantive textual changes.)

The amendment was intended primarily to make clear that the award of costs to the prevailing party pursuant to HAR Rule 25(B) is discretionary and may be denied by the trial court. In this case, Molinar offered no justification to the trial court (such as culpable conduct in the course of the litigation) for why Schweizer should be denied costs. Her primary contention all along was that she was a prevailing party and was entitled to costs. Thus, the trial court did not abuse its discretion in effectively declining to deny costs to Schweizer.

In addition to clarifying that the trial court had discretion to deny costs to the prevailing party, the second and third paragraphs of the commentary appear to make substantive changes to HAR Rule 25: these paragraphs suggest that the trial court may also award costs to the *non-prevailing party* in appropriate circumstances. However, there is nothing in the text of the previous version of HAR Rule 25 that would indicate that the trial court possessed such authority in the instant case.

**9.** Article I, section 4 of the Constitution of the State of Hawai'i provides:

[n]o law shall be enacted respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press or the right of the people peaceably to assemble and to petition the government for a redress of grievances.

**10.** Article I, section 8 of the Constitution of the State of Hawai'i provides:

**340**

*ta Farms, Inc. v. United Agri Products,* 86 Hawai'i 214, 248–49, 948 P.2d 1055, 1089–90 (1997); *Mauna Kea Power Co., Inc. v. Board of Land and Natural Resources,* 76 Hawai'i 259, 262 n. 2, 874 P.2d 1084, 1087 n. 2 (1994).

## IV. CONCLUSION

Based upon the foregoing analysis, we hold that the trial court did not err in: (1) refusing to include Molinar's award of prejudgment interest in determining which party was the prevailing party; (2) concluding that Schweizer was the prevailing party and that Molinar was not a prevailing party; and (3) awarding costs to Schweizer. We also decline to address Molinar's constitutional claims because they were not raised before the trial court and are, therefore, deemed waived.

[n]o citizen shall be disfranchised, or deprived of any of the rights or privileges secured to other citizens, unless by the law of the land.