**DAVID J. SCHUBERT**, Plaintiff–Appellee, v. **TEVITA FINAU SALUNI** and **LUPE MANUPUNA SALUNI**, Defendants–Appellants

NO. 15628

(CIV. NO. E90–664)

JULY 30, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

**592**

*Per Curiam.* The principal question on appeal is whether, in a summary possession action, where the district court granted the defendants' motion to dismiss the case on jurisdictional grounds, the defendants were "successful parties" entitled to an award of attorney's fees under Hawai'i Revised Statutes (HRS) § 607–17 (1985). A subordinate question is whether such defendants were entitled to an allowance of costs. We conclude that such defendants were not entitled to an award of attorney's fees, but were entitled to an allowance of costs in the discretion of the district court.

## I.

On April 16, 1990, plaintiff David J. Schubert (Schubert) filed a verified complaint for summary possession and damages. Schubert alleged that (1) on December 1, 1987, he, as landlord, and defendants Tevita Finau Saluni and Lupe Manupuna Saluni (collectively, the Salunis), as tenants, executed a rental agreement (Rental Agreement), covering certain residential premises at Waipahu, O'ahu (the Premises); (2) tenancy under the Rental Agreement terminated on February 1, 1990; and (3) despite notices to vacate, the Salunis have not vacated the Premises. Schubert sought possession of the Premises and a money judgment for accrued rent and interest, reasonable attorney's fees, and costs.

On May 8, 1990, the Salunis filed a motion to dismiss the complaint on the ground that the district court lacked subject

matter jurisdiction. A memorandum of law and an affidavit attached to the motion alleged that (1) on May 27, 1988, Schubert, as optionor, and the Salunis, as optionees, entered into a "Lease and Option to Purchase" agreement which superseded the Rental Agreement; (2) on October 20, 1989, the Salunis exercised the option to purchase the Premises; and (3) Schubert is in breach of the option agreement. Defendant relied on HRS § 604–5(d) (1985) which provides that "[t]he district courts shall not have cognizance of . . . actions in which the title to real estate comes in question[.]"

On May 25, 1990, at the close of a hearing, the district court orally granted the Salunis' motion to dismiss.[1]

Thereafter, on July 2, 1990, the Salunis filed a "Motion for Attorney's Fees and Costs." At a hearing on July 20, 1990, the district court orally denied the motion. On August 1, 1990, the court filed its "Order re Defendants' Motion for Attorney's Fees."

On August 2, 1991, the court entered its "Order Granting Motion to Dismiss," and the Salunis appealed.[2]

## II.

We start with the precept that a court may not award attorney's fees "absent statute, agreement, stipulation, or precedent authorizing the allowance thereof." *Smothers v. Renander*, 2 Haw. App. 400, 404, 633 P.2d 556, 560 (1981) (citations omitted).

---

[1] The record discloses that on June 29, 1990, the Salunis filed a complaint against Schubert and others in the Circuit Court of the First Circuit in Civil No. 90–2011–06, alleging breach of the "Lease and Option to Purchase" agreement, dated May 27, 1988, and seeking a constructive trust on the Premises and general and punitive damages. Schubert counterclaimed, seeking an adjudication of the rights and duties of the parties under both the Rental Agreement and Lease and Option to Purchase.

[2] This is the second appeal in the case. On August 10, 1990, the Salunis filed their initial notice of appeal. This court; however, dismissed the appeal for lack of appellate jurisdiction. *Schubert v. Saluni*, memo. op. (No. 14747, July 10, 1991).

Paragraph G.3. of the Rental Agreement provides as follows:

> If we [landlord] employ an attorney or someone else to collect unpaid rents, you [tenant] must pay: (a) reasonable attorney's fees of not more than 25% of the unpaid rent; (b) the reasonable costs to collect; plus (c) court costs and interest that we may be entitled to. If you do not obey other terms of this Agreement, we may also employ an attorney to enforce them, and you must also pay for: (1) reasonable costs and attorney's fees; plus (2) any court costs and interest on funds owed that we may be entitled to.

Record at 7.

HRS § 607–17 (1985) provides in part as follows:

> **Attorney's fees when provided for in promissory notes, etc.** Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant[.]

Relying on HRS § 607–17, the Salunis assert that they were the "successful parties" in the case and are entitled to an award of attorney's fees. We disagree.

### A.

In construing HRS § 607–17, our supreme court stated that "where a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 620, 575 P.2d 869, 879 (1978) (footnote omitted).

Here, the disputed main issue was whether Schubert was entitled to possession of the premises and damages because of the

Salunis' breach of the Rental Agreement. The district court, however, did not resolve this issue because, based on the Salunis' motion to dismiss, it was without jurisdiction to hear the merits of the case. Accordingly, there was no successful party on the disputed main issue raised by the pleadings.

The Salunis therefore were not the "successful parties" and not entitled to an award of attorney's fees under HRS § 607–17.

## B.

Nonetheless, the Salunis contend that they were the "successful parties" under HRS § 607–17 because the court granted their motion to dismiss Schubert's case. Since in *Food Pantry* there was a trial and a decision on the merits of the case, this contention raises an issue of whether there may be a "successful party" when the court terminated a case without reaching the merits of the case.

The statute itself does not define the term "successful party" — whether it encompasses only a party that is victorious on the merits of the case or a party that prevails in the case. Thus, HRS § 607–17 is ambiguous, and "we may look to the policies behind the enactment of the statutory provisions to ascertain legislative intent." *Zator v. State Farm Mutual Automobile Insurance Co.*, 69 Haw. 594, 597, 752 P.2d 1073, 1075 (1988) (citation omitted). In gleaning legislative intent, we will heed the statutory mandate that "[l]aws *in pari materia,* or upon the same subject matter, shall be construed with reference to each other." HRS § 1–16 (1985).

HRS § 607–17 is *in pari materia* with HRS § 607–14 (1985), which provides in part as follows:

> **Attorneys' fees in actions in the nature of assumpsit.** In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party[.]

* * *

... The fees provided for by this section shall not be taxed in any action where the plaintiff obtains a judgment which includes attorneys' fees upon a promissory note or other evidence of indebtedness, when the promissory note or other evidence of indebtedness contains a provision for the recovery of costs of collection or attorneys' fees.

Although HRS § 607–17 refers to "successful party" and HRS § 607–14 refers to "losing party," the terms "successful" and "losing" are antonyms, and both sections deal with the same subject matter — attorneys' fees. In 1959, when the term "successful party" was inserted in HRS § 607–17, the Senate Judiciary Committee stated:

Your Committee believes that it is unfair on a suit on an instrument which provides for any attorney's fee, to permit the plaintiff to recover such fees from the defendant if plaintiff is successful while permitting the defendant to recover only the modest attorney's commissions if the defendant obtains judgment in his favor. It is frequently more expensive for a defendant to defend an action successfully than for the plaintiff to prosecute his action.

Your Committee has therefor [sic] also amended the bill to permit either successful party to recover attorney's fees as provided by the instrument, subject to the limitations as set forth in the Bill.

Sen. Stand. Comm. Rep. No. 623, in 1959 Senate Journal at 837. The "modest attorney's commissions" referred to in the committee report is the "attorneys' fees" taxable to the losing party under HRS § 607–14. Thus, we must construe the provisions in HRS § 607–17 with reference to those in HRS § 607–14.

Regarding HRS § 607–14, the Hawai'i Supreme Court held that "under construction given to this statute for some forty years, defendant may tax as fees *only in case of a judgment upon*

*the merits." Yoshida v. Nobrega, Adm'r*, 39 Haw. 254 (1952) (emphasis added). In *Yoshida*, in an assumpsit action, the circuit court sustained defendant's demurrer without leave to amend. However, the defendant was not entitled to tax attorney's fee against the plaintiff as the "losing party" because the judgment in the defendant's favor was not on the merits.

We conclude that the legislature's intent, when it amended HRS § 607–17 in 1959, was to award attorney's fees thereunder consistent with such award pursuant to HRS § 607–14. In other words, since a "losing party" under HRS § 607–14 was the party who lost on the "merits," a "successful party" under HRS § 607–17 would be the party who won on the "merits" of the case.

Here, the Salunis did not win on the merits of the case. Consequently, they were not the "successful parties" under HRS § 607–17, and were properly denied an award of attorney's fees thereunder.

### III.

It is unclear from the record on what basis the district court denied the Salunis an allowance of costs. The fact that the Salunis were not "successful parties" under HRS § 607–17 did not automatically preclude them from an allowance of costs.

Generally, in a civil case in a district court, allowance or taxation of costs is governed by HRS § 607–9 (Supp. 1992) and District Court Rules of Civil Procedure (DCRCP) Rule 54(d). HRS § 607–9 specifies what types of actual disbursements may be allowed in taxation of costs. DCRCP Rule 54(d) provides in part that "costs shall be allowed as of course to the *prevailing party* unless the court otherwise directs[.]" (Emphasis added.)

The DCRCP do not define the term "prevailing party." The interpretation of the counterpart Federal Rules of Civil Procedure (FRCP), however, is "highly persuasive . . . in the construction of our Rules[.]" *Ellis v. Crockett*, 51 Haw. 45, 61, 451 P.2d 814, 824 (1969) (citation omitted). For purposes of FRCP Rule 54(d),

"[u]sually the litigant in whose favor judgment is rendered is the prevailing party. . . . Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2667, at 178–80 (1983) (footnotes omitted).

Accordingly, the Salunis, who succeeded in having the case dismissed on jurisdictional grounds, were the prevailing parties below. Under DCRCP Rule 54(d), the Salunis were entitled to an allowance of costs as of course unless the district court in its discretion directed otherwise. Here, the record fails to disclose why the court denied the Salunis an allowance of costs, other than the fact that they were not "successful parties" under HRS § 607–17.

## IV.

Pursuant to Hawai'i Rules of Appellate Procedure Rule 38,[3] Schubert contends that the Salunis' appeal is frivolous and seeks an award of reasonable attorney's fees and costs.

A frivolous appeal is one "manifestly and palpably without merit so as to indicate bad faith on appellant's part." *Morrison–Knudsen Co. v. The Makahuena Corp.*, 66 Haw. 663, 672 n.5, 675 P.2d 760, 767 n.5 (1984). Inasmuch as the district court's August 1, 1990 order is being vacated in part, we determine that the Salunis' appeal is not manifestly and palpably without merit and therefore not frivolous.

## V.

Accordingly, we affirm that part of the district court's August 1, 1990 "Order re Defendants' Motion for Attorney's

---

[3] Hawai'i Rules of Appellate Procedure Rule 38 provides as follows:

If a Hawaii appellate court shall determine that an appeal decided by it was frivolous, it may award damages including reasonable attorneys' fees and costs to the appellee.

Fees" denying an award of attorney's fees and vacate the part thereof denying an allowance of costs. Upon remand, "[i]n determining whether and what costs should be taxed, the [district] court may consider the equities of the situation." HRS § 607–9 (Supp. 1992).

Affirmed in part, vacated in part, and case remanded for further proceedings.

*Roger C. Lerud* on the briefs for defendants–appellants.
*Leland B. T. Look* on the brief for plaintiff–appellee.