79 P.3d 119

RANGER INSURANCE COMPANY,
Plaintiff–Appellee,

v.

Shu Hua Kao HINSHAW, Real Party
in Interest–Appellant,

and

Juan Ramon Rivas, Kyoko Takeda, David
Reardon, State Farm Mutual Automo-
bile Insurance Company, Nationwide In-
surance Company, John Does 1–10, Doe
Partnerships 1–10, Doe Corporations 1–
10, Defendants.

State Farm Mutual Automobile
Insurance Company, an Illinois
Corporation, Plaintiff,

v.

Frank Hinshaw; Juan Ramon Rivas; Sky-
dive Academy of Hawai'i Corporation,
dba Skydive Hawai'i; and Kyoko Take-
da, Defendants.

No. 22532.

Supreme Court of Hawai'i.

Nov. 14, 2003.

As Amended Dec. 18, 2003.

**28**

Philip S. Nerney (J. Ken Peterson with him on the brief), Honolulu, on the briefs, for defendant-appellant.

Diane W. Wong (Calvin E. Young with her on the brief), Honolulu, on the briefs, for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY, JJ., and ACOBA, J., concurring in part and dissenting in part.

**Opinion of the Court by NAKAYAMA, J.**

Defendant-appellant Skydive Academy of Hawai'i [1] (Skydive) appeals from the April 21, 1999 order of the circuit court of the first circuit, the Honorable Kevin S.C. Chang presiding, denying Skydive's motion, filed on December 17, 1998, for an award of attorneys' fees and costs. On appeal, Skydive argues that the circuit court erroneously (1) ruled that Skydive failed to meet its burden of proving that it was entitled to an award of attorneys' fees and costs and (2) failed to award attorneys' fees pursuant to Hawai'i Revised Statutes (HRS) §§ 607–14 (Supp. 2002),[2] 431:10–242 (1993),[3] 632–3 (1993),[4] 607–9 (1993),[5] and Hawai'i Rules of Civil Procedure (HRCP) Rule 54(d).[6] Because the circuit court failed to adequately explain its

1. On December 13, 2001, a motion to substitute Shu Hua Kao Hinshaw for Skydive Hawai'i as the real party in interest was approved by the court.

2. HRS § 607–14 provides in relevant part:

 In all the courts, in all actions in the nature of assumpsit, and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorney's fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action. . . . The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party[.]

3. HRS § 431:10–242 provides:

 Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

4. HRS § 632–3 provides that "[f]urther relief based on a declaratory judgment may be granted whenever necessary or proper, after reasonable notice and hearing, against any adverse party whose rights have been adjudicated by the judgment."

5. HRS § 607–9 provides:

 No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

 All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

6. HRCP Rule 54(d) provides in relevant part:

 (1) Costs other than attorneys' fees. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the State or a county, or an officer or agency of the State or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.
 (2) Attorneys' Fees.
 (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
 (B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of an appealable order or judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide

denial of Skydive's motion for costs, and the denial of attorneys' fees lacked sufficient support in the record, the circuit court abused its discretion by denying Skydive's motion for attorneys' fees and costs based solely on *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 76 Hawai'i 396, 879 P.2d 501 (1994). Accordingly, we vacate the circuit court's order and remand this case for further proceedings.

## I. BACKGROUND

### A. Factual Background

On August 27, 1995, Kyoko Takeda (Takeda), a Japanese tourist, and her friends registered and paid for a skydiving session with Skydive. Because the military was using Dillingham Airfield, Skydive attempted to entertain Takeda and the group by taking them sightseeing. At one stop, Juan Rivas (Rivas), an employee of Skydive, rode up on his motorcycle. Translating for the group, the bus driver asked if anyone wanted to ride on the motorcycle, and everyone responded in the negative. Rivas then entered the bus and escorted Takeda off the bus. The bus left and Takeda felt that she had to go with Rivas. While Rivas and Takeda were on the motorcycle, Rivas rear ended a motor vehicle operated by David Reardon (Reardon), and both Rivas and Takeda were ejected from the motorcycle.

### B. Procedural Background

#### 1. *Takeda's suit, Civil No. 97–3031–07*

On May 21, 1998, Takeda filed a second amended complaint against Rivas, Skydive, Reardon, and unnamed Doe defendants, alleging that Rivas negligently operated the motorcycle and that Skydive was liable because Rivas was acting within the scope of his employment.[7] Takeda alleged that she sustained (1) "multiple bodily injuries including, but not limited to, injuries to her head,

neck, back, legs, and hands," (2) mental and emotional distress, (3) loss of income, (4) diminished earning capacity, (5) limitation of activities, (6) loss of enjoyment of life, and (7) medical, rehabilitative, and miscellaneous expenses. Takeda sought general and special damages "in an amount to be determined at trial."

Ranger's answering brief explains that, at the time of the accident, Skydive was insured under a commercial general liability insurance policy issued by the plaintiff-appellee Ranger Insurance Company (Ranger) as well as under an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm). State Farm provided Skydive's defense, subject to a reservation of rights, and Ranger provided Rivas's defense, also subject to a reservation of rights. Ranger further agreed to provide Skydive a defense as an excess insurer, subject to a reservation of rights. Reardon's automobile insurer, Nationwide Insurance Company (Nationwide), provided Reardon's defense.

All parties entered into court annexed arbitration, and, on October 10, 1998, a sealed arbitration award was filed with the circuit court. Following a settlement conference, the case was settled for $225,000. State Farm and Ranger agreed to pay $100,000 each, and Nationwide agreed to pay $25,000. On February 24, 1999, all parties stipulated to a dismissal of all claims with prejudice. With the exception of Skydive reserving its claim against Ranger for attorneys' fees and costs, all parties also agreed to bear their own attorneys' fees and costs.

#### 2. *State Farm's complaint for declaratory judgment, Civil No. 98–0159–01, and Ranger's complaint for declaratory judgment, Civil No. 98–0477–02*

On January 14, 1998, prior to the arbitration award and the settlement agreement,

---

a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made....

7. The record on appeal does not provide ample information regarding Takeda's lawsuit. This

court, however, may take judicial notice of the record in Civil No. 97–3031, pursuant to Hawai'i Rules of Evidence (HRE) Rule 201, to provide an account of Takeda's lawsuit. *See State v. Shimabukuro*, 100 Hawai'i 324, 335 n. 4, 60 P.3d 274, 285 n. 4 (2002) (Nakayama, J., dissenting).

State Farm filed a complaint for declaratory judgment, praying that the circuit court adjudge its rights, duties, and liabilities under its policy issued to Skydive. On February 3, 1998, Ranger filed a complaint for declaratory judgment, praying that the circuit court declare that (1) Ranger's policy did not cover the claims alleged in Takeda's complaint, (2) Ranger had no duty to indemnify Skydive, (3) Ranger was "entitled to reimbursement of attorney's fees and costs in the defense of the underlying case[,]" and (4) "Ranger be awarded its costs, reasonably [sic] attorney's fees, and such other relief as the Court may deem just and proper." On April 20, 1998, the circuit court granted Skydive's March 10, 1998 motion to consolidate State Farm's and Ranger's complaints for declaratory relief.

On October 30, 1998, following the settlement agreement, Skydive noticed the deposition of Ranger's claim adjuster, Paul H. Leonard (Leonard). On November 5, 1998, Ranger filed a motion for a protective order regarding Leonard's deposition and for leave to dismiss its declaratory judgment action (Civil No. 98-0477-02). On November 9, 1998, Skydive filed a motion to withdraw its notice of taking Leonard's deposition. On December 15, 1998, the circuit court dismissed Ranger's complaint for declaratory relief with prejudice.

On January 11, 1999, State Farm and Skydive filed a stipulation to dismiss State Farm's complaint for declaratory relief, Civil No. 98-0159-01, with prejudice. Pursuant to the stipulation, State Farm agreed to dismiss all claims against Skydive with prejudice. The parties further agreed that "[e]ach party shall bear his or its own attorneys' fees and costs; except that Frank Hinshaw and Skydive Hawai'i reserve the right to seek recovery of their attorneys' fees and costs from Ranger Insurance Company."

### 3. *Attorneys' Fees*

On December 17, 1998, Skydive filed a motion for attorneys' fees and costs against Ranger for $56,947.42 in attorneys' fees and $2,685.18 in costs associated with Takeda's lawsuit, State Farm's declaratory action, and Ranger's declaratory action. On April 21, 1999, the circuit court denied Skydive's December 17, 1998 motion for attorneys' fees and costs. The court simply stated that Sky-

dive had "failed to sustain its burden of establishing valid legal grounds for an award of attorneys' fees and costs in this action," citing *S. Utsunomiya Enters., Inc.* On May 20, 1999, Skydive filed a timely notice of appeal.

## II. STANDARD OF REVIEW

### A. Attorneys' Fees

This court reviews the circuit court's denial and granting of attorney's fees under the abuse of discretion standard. The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*TSA Int'l Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 253, 990 P.2d 713, 723 (1999) (citations, brackets, and internal quotation marks omitted).

### B. Interpretation of a Statute or Rule

"When interpreting rules promulgated by the court, principles of statutory construction apply. Interpretation of a statute is a question of law which we review *de novo*." *Molinar v. Schweizer*, 95 Hawai'i 331, 334–35, 22 P.3d 978, 981–82 (2001) (citations and quotation marks omitted).

## III. DISCUSSION

In its motion for attorneys' fees, Skydive requested attorneys' fees and costs incurred in (1) Takeda's lawsuit, (2) State Farm's declaratory action, and (3) Ranger's declaratory action. On appeal, Skydive argues that the circuit court erroneously (1) ruled that Skydive failed to meet its burden of proving that it was entitled to an award of attorneys' fees and costs, and (2) failed to award attorneys' fees pursuant to HRS §§ 607-14, 431:10-242, 632-3, 607-9, and HRCP Rule 54(d). Because the circuit court failed to adequately explain the denial of costs, and, in our view, the denial of attorneys' fees lacked sufficient support in the record, we hold that the circuit court abused its discretion by denying Skydive's motion for attorneys' fees and

costs based solely on *S. Utsunomiya Enters., Inc.*

"Generally, under the 'American Rule,' each party is responsible for paying for his or her own litigation expenses." *TSA Int'l. Ltd.*, 92 Hawai'i at 263, 990 P.2d at 734 (citations omitted). An exception exists to the "American Rule" in which "attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement." *Id.* (citations omitted). Because HRS § 607–14 provides that attorneys' fees be paid by the "losing party" and HRCP Rule 54(d) awards costs to the "prevailing party," this court must first determine whether Skydive was a "prevailing party" and Ranger a "losing party" when Ranger voluntarily dismissed its declaratory action against Skydive.

**A. In Ranger's declaratory action, Skydive is the "prevailing party" and Ranger is the "losing party" for purposes of applying HRS § 607–14 and HRCP Rule 54(d).**

Skydive argues that it is the "prevailing party" and that Ranger is the "losing party." Ranger argues that there is no prevailing party and no losing party because there was no judgment on the merits. Neither HRS § 607–14 nor HRCP Rule 54(d) require a judgment on the merits.

1. *HRS § 607–14*

In *Wong v. Takeuchi*, 88 Hawai'i 46, 49, 961 P.2d 611, 614 (1998), this court held that a defendant was the prevailing party within the meaning of HRS § 607–14 when the plaintiff's action was dismissed by summary judgment on the grounds of laches or statute of limitations. "Usually the litigant in whose favor judgment is rendered is the prevailing party.... Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." *Id.* (quoting 10 Wright, Miller & Kane,

Federal Practice and Procedure: Civil 2d § 2667 (1983)). This court further stated that "[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim." *Id.* In affirming its holding in *Wong*, this court held in *Blair v. Ing*, 96 Hawai'i 327, 331, 31 P.3d 184, 189 (2001), that "a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607–14." [8]

In *Kona Enters. v. Estate of Bernice Pauahi Bishop*, 229 F.3d 877, 889 (9th Cir.2000), the plaintiffs contended that they should not be liable for attorneys' fees because they voluntarily dismissed their claims with prejudice. The United States Court of Appeals for the Ninth Circuit rejected the plaintiffs' argument because "*Wong* unequivocally held that any dismissal that results in judgment is sufficient to support an award of attorneys' fees under Hawai'i law." *Id.* The court further stated that it "has similarly held that a voluntary dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for purposes of attorneys' fees awards." *Id.* (quoting *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir.1997)).

In the instant case, Ranger voluntarily dismissed its declaratory judgment action against Skydive. Notwithstanding Ranger's assertion, the plain language of HRS § 607–14 does not require a judgment on the merits. *Wong* and *Kona Enters.* illustrate that a dismissal of Ranger's action, albeit voluntary, is sufficient to deem a defendant to be the prevailing party and the plaintiff the losing party. Thus, Skydive is the "prevailing party" and Ranger is the "losing party" for the purpose of awarding attorneys' fees pursuant to HRS § 607–14.

2. *HRCP Rule 54(d)*

Again, *Wong* determined that a dismissal, on the merits or not, generally renders the defendant the prevailing party for purposes

---

8. *Blair* also overruled *Shanghai Inv. Co. v. Alteka Co., Ltd.*, 92 Hawai'i 482, 502, 993 P.2d 516, 536 (2000), *Schubert v. Saluni*, 9 Haw.App. 591, 597, 855 P.2d 858, 861 (1993), and *Yoshida v. Nobrega*, 39 Haw. 254, 256–57 (1952), to the extent that they held to the contrary. Ranger cited *Yoshida* and *Schubert* for the proposition that a judgment must be on the merits to award attorneys' fees pursuant to HRS § 607–14. It should be noted that *Blair* was published after the circuit court issued its decision and the briefs in the instant case were filed.

of awarding attorneys' fees and costs. *Wong*, 88 Hawai'i at 49, 961 P.2d at 614. Additionally, federal appellate courts have held that a voluntary dismissal sufficiently confers prevailing party status on a defendant. *Zenith Ins. Co.*, 108 F.3d at 207 (holding that a voluntary dismissal "was sufficient to confer prevailing party status on the [ ] defendants"); *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir.1985) (holding that "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant . . . is clearly the prevailing party and should ordinarily be entitled to costs"). Because HRCP Rule 54(d) is patterned after the Federal Rules of Civil Procedure (FRCP) Rule 54(d), "interpretations of the rule by the federal courts are highly persuasive in the reasoning of this court." *Molinar v. Schweizer*, 95 Hawai'i 331, 336, 22 P.3d 978, 983 (2001).

In the instant case, Ranger voluntarily dismissed its declaratory action against Skydive. According to Hawai'i and federal law, Ranger's voluntary dismissal of its declaratory judgment action is sufficient to render Skydive the prevailing party. Thus, for the purpose of awarding costs pursuant to HRCP Rule 54(d), Skydive is the "prevailing party" and Ranger is the "losing party." [9]

**B. The circuit court abused its discretion by denying costs without an adequate explanation.**

Skydive argues that costs should be awarded as a consequence of Ranger's breach of duty to defend Skydive. Ranger argues that costs should not be awarded because the declaratory judgment action was voluntarily dismissed with prejudice and Sky-

dive is not at risk of future litigation. Both arguments are without merit. Nonetheless, the circuit court erred by failing to adequately explain its denial of costs.

HRCP 54(d) states that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" A presumption exists in favor of awarding costs to the prevailing party and that presumption must be overcome by the losing party. *Wong*, 88 Hawai'i at 52, 961 P.2d at 617. Furthermore, a court must adequately explain its reasons for denying or reducing costs unless its reasons are clear from the record. *Id.*

> Rule 54(d) creates a strong presumption that the prevailing party will recover costs. . . . [T]he court may not deny costs to the prevailing party without explanation, unless the circumstances justifying denial of costs are plain from the record. *Not only must the court explain its reasons for denying costs to the prevailing party, but the reasons given must also be adequate.* The presumption that the prevailing party is entitled to costs must be overcome by some showing that an award would be inequitable under the circumstances. The losing party bears the burden of making this showing.

*Id.* (quoting 10 Moore's Federal Practice 54.101(1)(a-b) (3d ed.1998)) (emphasis added); *see also Schefke v. Reliable Collection Agency*, 96 Hawai'i 408, 459, 32 P.3d 52, 103 (2001) (vacating and remanding the court's order as to costs because "the court did not explain its ruling, and its reasons for doing so are not readily discernible"); *Finley v. Home Ins. Co.*, 90 Hawai'i 25, 38, 975 P.2d 1145, 1158

---

9. The dissent suggests that "a defendant would acquire prevailing party status based only on some judicial declaration to the defendant's benefit, unless the defendant shows that the plaintiff's 'voluntary' dismissal was to avoid a disfavorable judgment on the merits." Dissent's Opinion at 35, 79 P.3d at 128. To follow the dissent's suggestion would require the trial courts to conduct a "mini-trial" to determine whether the voluntary dismissal was to avoid a disfavorable judgment on the merits. *Cf. Troyer v. Adams*, 102 Hawai'i 399, 426, 77 P.3d 83, 110 (2003) (explaining that legislative intent to simplify procedures and reduce costs associated with claims involving joint tortfeasors would be

difficult to accomplish if the trial courts were required to conduct "mini trials" to determine a party's likely proportionate liability). Such "mini trials" would clog the trial courts, discourage settlements, and frustrate judicial economy. *Id.* at 427, 77 P.3d at 111 ("It [would] clog our trial courts with unnecessary hearings, discourage the settlement of legitimate claims, and severely strain the resources of the parties and the trial and appellate courts of this state.") (Quoting *Tech–Bilt, Inc. v. Woodward–Clyde & Assocs.*, 38 Cal.3d 488, 502, 213 Cal.Rptr. 256, 265, 698 P.2d 159, 168 (Cal.1985) (Bird, C.J., dissenting) (brackets in original).).

(1998) (holding that the "circuit court abused its discretion in reducing the amount of taxable costs awarded without explanation or a readily discernable rationale"); *Zenith*, 108 F.3d at 207 (remanding "because the district court failed to explain its decision in any detail").

 In the instant case, a presumption exists that Skydive, as the prevailing party, should be awarded costs. Ranger's argument that there is no risk of future litigation is insufficient to overcome the presumption of awarding costs. Nonetheless, the circuit court denied costs, stating that Skydive "failed to sustain its burden of establishing valid legal grounds for an award of attorneys' fees and costs in this action[ ]" and then cited to *S. Utsunomiya Enters., Inc. S. Utsunomiya Enters., Inc.* did not address costs, and the record is devoid of any evidence of impropriety on Skydive's part. Thus, the circuit court failed to provide any adequate explanation for denying Skydive's motion for costs, pursuant to HRCP Rule 54(d) as defined by HRS § 609–7, and the same is not clear from the record.

## C. The circuit court abused its discretion by denying attorneys' fees based solely on *S. Utsunomiya Enters., Inc.*

 Unlike costs pursuant to HRCP Rule 54(d), attorneys' fees pursuant to HRS § 607–14 are not presumptive and do not require an "adequate explanation" by the court. *Finley*, 90 Hawai'i at 39, 975 P.2d at 1159 (declining to extend the holding in *Wong* to attorneys' fees pursuant to HRS § 607–14). "The reasonableness of an expenditure of attorneys' fees is a matter within the discretion of the circuit court ... [and, thus, a] detailed explanation of the rationale underlying the reduction in attorneys' fees awarded is not necessary." *Id.* However, the denial or reduction of attorneys' fees must have support in the record.

In the instant case, the circuit court's denial of attorneys' fees lacks sufficient support in the record. In its order denying attorneys' fees, the circuit court stated that Skydive "failed to sustain its burden of establishing valid legal grounds for an award of attorneys' fees and costs in this action," citing to *S. Utsunomiya Enters., Inc.* In *S. Utsunomiya Enters., Inc.*, this court held

that it "ha[d] jurisdiction to award reasonable attorneys' fees incurred on appeal ... if the requirements of HRAP 39(d) and HRS § 607–14 are met." HRAP Rule 39(d) was not relevant to the circuit court's order, inasmuch as it pertains only to appellate procedure. Thus, the remaining explanation for the circuit court's denial of attorneys' fees is that Skydive failed to meet the requirements of HRS § 607–14.

 As indicated *supra* at note 2, HRS § 607–14 provides,

> In all the courts, in all actions in the nature of assumpsit, and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorney's fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action.

Although the declaratory action was not premised upon a promissory note or other written contract that provided for attorneys' fees, it was in the nature of assumpsit. "Under Hawai'i case law, an action in the nature of assumpsit includes all possible contract claims." *Leslie v. Estate of Tavares*, 93 Hawai'i 1, 5, 994 P.2d 1047, 1051 (2000) (citation and internal quotation marks omitted). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." *Id.* at 6, 994 P.2d at 1052.

In the instant case, Ranger filed a complaint against Skydive seeking a declaration that the policy that it issued to Skydive did not insure against liability for the claims alleged in Takeda's lawsuit. It is undisputed that the insurance policy is a contract between Skydive and Ranger. Moreover, Ranger's request for attorneys' fees and costs for the defense it provided in Takeda's lawsuit constitutes a request for consequential damages. *See S. Utsunomiya Enters., Inc.*, 76 Hawai'i at 401, 879 P.2d at 506 (holding that "attorneys' fees incurred in de-

fending an attack on title against a third party would be recoverable as consequential damages in a corresponding breach of covenant action against the grantor of the 'defective' property"). Thus, Ranger's declaratory action is in the nature of assumpsit, and Skydive met the requirements of HRS § 607–14 as discussed in *S. Utsunomiya Enters., Inc.* Accordingly, the circuit court erred when it based its denial on *S. Utsunomiya Enters., Inc.*

### D. The circuit court did not abuse its discretion by denying attorneys' fees and costs pursuant to HRS §§ 431:10–242 and 632–3.

#### 1. *HRS § 431:10–242*

█ Skydive is not entitled to attorneys' fees and costs pursuant to HRS § 431:10–242. The plain language of HRS § 431:10–242 states that "[w]here an insurer has contested its liability under a policy and is *ordered by the courts to pay benefits under the policy,* the policyholder ... shall be awarded reasonable attorney's fees and the costs of the suit, in addition to the benefits under the policy." (Emphasis added.) In the instant case, although Ranger contested its liability under the policy issued to Skydive, it was not ordered by the court to pay any benefits thereunder. Thus, HRS § 431:10–242 is inapplicable, and we therefore affirm the circuit court's order in that respect.

#### 2. *HRS § 632–3*

█ Skydive is not entitled to attorneys' fees and costs pursuant to HRS § 632–3. The plain language of HRS § 632–3 states that "[f]urther relief based on a declaratory judgment may be granted whenever necessary or proper, after reasonable notice and hearing, against any adverse party whose *rights have been adjudicated by the judgment.*" (Emphasis added.) In the instant case, because the declaratory judgment was

voluntarily dismissed, the court did not adjudicate the rights of any party. Thus, HRS § 632–3 is inapplicable, and we therefore affirm the circuit court's order in that respect as well.

### IV. CONCLUSION

Accordingly, the circuit court's order is vacated, and this case is remanded for the following further proceedings: (1) a determination as to whether costs should be awarded pursuant to HRCP Rule 54(d), as defined by HRS § 609–7, and if costs are denied, a recitation of adequate reasons for the denial; and (2) a determination as to whether attorneys' fees should be awarded pursuant to HRS § 607–14.

Opinion by ACOBA, J., concurring in part and dissenting in part.

I concur with the majority's determination that the request for attorney's fees and costs by defendant-appellant Skydive Academy of Hawai'i (Skydive) should be denied pursuant to the plain language of Hawai'i Revised Statutes (HRS) §§ 431:10–242 (1993) and 632–3 (1993).[1] Majority opinion at 33–34, 79 P.3d at 126–127. I respectfully disagree, however, with the majority's conclusion that Skydive is the "prevailing party" for the purpose of awarding attorney's fees and costs under HRS § 607–14 (Supp.2002) and Hawai'i Rules of Civil Procedure (HRCP) Rule 54(d), simply because Ranger voluntarily dismissed its case with prejudice. Majority opinion at 31–32, 79 P.3d at 124–125. I would hold that to obtain prevailing party status in cases involving dismissals, "a defendant must be able to point to a judicial declaration [redounding] to its benefit." *Marquart v. Lodge 837,* 26 F.3d 842, 852 (8th Cir.1994). In the absence of such a declaration, the defendant may obtain prevailing party status if it "can demonstrate that the plaintiff [voluntarily] withdrew to avoid a disfavorable judgment on the merits."[2] *Dean*

---

1. HRS § 431:10–242 states that "[w]here an insurer has contested its liability under a policy and is *ordered by the courts to pay benefits under the policy,* the policyholder ... shall be awarded reasonable attorney's fees and the costs." (Emphasis added.) The majority concluded that Plaintiff–Appellee Ranger Insurance Company (Ranger) was "not ordered by the court to pay any benefits thereunder[]" and, thus, Skydive is not entitled to attorney's fees and costs. Majority opinion at 33–34, 79 P.3d at 126–127.

2. The majority suggests that "to determine whether the voluntary dismissal was to avoid a

HRS § 632–3 states that "[f]urther relief based on declaratory judgement may be granted whenever necessary or proper, after reasonable notice and hearing, against any adverse party whose *rights have been adjudicated by the judgment.*" The majority concluded that since "the declaratory judgment was voluntarily dismissed, the court did not adjudicate the rights of any party." Majority opinion at 34, 79 P.3d at 127.

*v. Riser*, 240 F.3d 505, 511 (5th Cir.2001). Because the grounds on which the court denied Skydive an award of attorney's fees and costs are unclear, I would vacate the order and remand with instructions to the court to determine, under the foregoing test, whether Skydive was a "prevailing party" for the purposes of attorney's fees and costs.

## I.

Under the "American Rule," we follow the well-accepted general practice of prohibiting an award of attorney's fees absent explicit statutory authority, stipulation, or agreement. *Hamada v. Westcott*, 102 Hawai'i 210, 218, 74 P.3d 33, 41 (2003); *see also S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 76 Hawai'i 396, 399, 879 P.2d 501, 503 (1994); *Yokochi v. Yoshimoto*, 44 Haw. 297, 307, 353 P.2d 820, 826 (1960); *Smothers v. Renander*, 2 Haw.App. 400, 404, 633 P.2d 556, 560 (1981). In discussing the policies underlying the American Rule, the United States Supreme Court explained that because of the uncertainties of litigation, "one should not be penalized for merely defending or prosecuting a lawsuit," for "the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

Statutory authority exists in this case for an award of attorney's fees and costs. HRS § 607–14 provides that the "losing party" pays the attorney's fees in all "actions in the nature of assumpsit," provided that the "prevailing party" submits an affidavit requesting fees. HRCP Rule 54(d) directs that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Thus, Skydive could be entitled to attorney's fees and costs if it qualified as the prevailing party.

In the present case, the majority primarily relies on *Wong v. Takeuchi*, 88 Hawai'i 46, 961 P.2d 611 (1998), and *Blair v. Ing*, 96 Hawai'i 327, 31 P.3d 184 (2001), to conclude that a voluntary dismissal by a plaintiff results in a defendant being treated as a "prevailing party." Majority opinion at 31–32, 79 P.3d at 124–125. In *Wong*, this court explained that "usually the litigant in whose favor judgment is rendered is the prevailing party." 88 Hawai'i at 49, 961 P.2d at 614. But this court went on to say that "a dismissal of the action, whether on the merits or not, *generally* means the defendant is the prevailing party." *Id.* (emphasis added) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2667 (1983)). *Blair*, relying on *Wong*, also declared that "a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607–14." *Blair*, 96 Hawai'i at 331, 31 P.3d at 189 (citing *Wong*, 88 Hawai'i at 49, 961 P.2d at 614).

Both of these cases, however, are distinguishable from the instant case, for they were terminated by a judicial declaration benefitting the defendant. In *Wong*, this court held that a defendant was the prevailing party under HRS § 607–14 when the trial court granted summary judgment pursuant to HRCP Rule 56(b) on both laches and statute of limitations grounds. 88 Hawai'i at 49, 961 P.2d at 614. In *Blair*, this court held the defendant was a prevailing

---

disfavorable judgment on the merits[ ]" "would require the trial courts to conduct 'mini-trials.'" Majority opinion at 32 n. 9, 79 P.3d at 125 n. 9 (citing *Troyer v. Adams*, 102 Hawai'i 399, 426, 77 P.3d 83, 110 (2003)). The majority's reliance on *Troyer* is inapposite, inasmuch *Troyer* did not concern the issue of attorney's fees. *Troyer*, 102 Hawai'i at 426, 77 P.3d at 110. Rather, the question in *Troyer* involved settlement procedures "associated with claims involving joint tortfeasors." *Id.* (quoting Hse. Stand. Comm. Rep. No. 1230, in 2001 House Journal, at 1599).

Both HRS § 607–14 and HRCP Rule 54(d) provide for an award of attorney's fees or costs to the "prevailing party." Applying HRS § 607–14 and HRCP Rule 54(d), our trial courts regularly make determinations of whether attorney's fees are justified. As to the burden on the trial courts, it is in the normal course for judges to resolve questions of attorney's fees. The quantum of proof necessary to determine if a plaintiff withdrew to avoid a disfavorable judgment on the merits would be no more than what the court regularly applies to determine attorney's fees. Moreover, consideration of such a question is compatible with a trial court's evaluation of the circumstances in each case, in resolving whether attorney's fees should be imposed.

party under HRS § 607-14 when the trial court entered a dismissal based on the plaintiff's failure to state a claim. 96 Hawai'i at 331, 31 P.3d at 188.

In the case at hand, however, there was no judicial declaration to the benefit of Skydive which prompted the dismissal. On the contrary, Ranger *voluntarily* filed a motion for leave to dismiss the case pursuant to HRCP Rule 41(a)(2).[3] As such, the holdings of *Wong* and *Blair* are inapplicable to the present case.

The majority also relies on *Kona Enters. v. Estate of Bernice Pauahi Bishop,* 229 F.3d 877 (9th Cir.2000),[4] where the Ninth Circuit Court of Appeals declared that it has "held that a voluntary dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for the purposes of attorney's fees." *Id.* at 889 (quoting *Zenith Ins. Co. v. Breslaw,* 108 F.3d 205, 207 (9th Cir. 1997)). The Ninth Circuit erroneously interpreted our decision in *Wong* as "unequivocally [holding] that *any* dismissal that results in [a] judgment is sufficient to support an award of attorney's fees under Hawai'i law." *Id.* (emphasis added). On the contrary, *Wong* did not state anywhere that *any* dismissal, such as a voluntary dismissal, would suffice as a basis for prevailing party status. *Wong* 88 Hawai'i at 49, 961 P.2d at 614. Rather, *Wong* merely established that "[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim." *Id.* Indeed, this court has not previously held that a voluntary termination of a case is tantamount to a prevailing judgment on the merits.

## II.

Moreover, recent changes to the federal case law, upon which *Wong* relied, appear to have undermined *Wong's* viability. As the majority explains, "[b]ecause HRCP Rule 54(d) is patterned after the Federal Rules of Civil Procedure (FRCP) Rule 54(d), 'interpretations of the rule by the federal courts are highly persuasive in the reasoning of this court.'" Majority opinion at 31, 79 P.3d at 125 (quoting *Molinar v. Schweizer,* 95 Hawai'i 331, 336, 22 P.3d 978, 983 (2001)). Similarly, the majority relies on *Wong* in interpreting HRS § 607-14. Majority opinion at 31, 79 P.3d at 124. *Wong* based its holding on 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2667 (1983), which summarizes federal law. *See* majority opinion at 31, 79 P.3d at 124 (quoting *Wong,* 88 Hawai'i at 49, 961 P.2d at 614). At the very least, reexamination of *Wong* is required in light of the recent interpretation of the term "prevailing party" by the Supreme Court. Under the federal cases, most circuit courts of appeals had awarded attorney's fees pursuant to various federal statues under the "catalyst theory." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health,* 532 U.S. 598, 601–02, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Under the catalyst theory, a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. *Id.* at 601, 121 S.Ct. 1835. Other circuits had rejected this definition of "prevailing party." *Id.* at 602, 121 S.Ct. 1835. In *Buckhannon,* the Court set out to resolve the disagreement among the courts of appeals by clarifying the meaning

3. HRCP 41(a)(2) states as follows:

 (a) Voluntary Dismissal: Effect Thereof.

 . . . .

 (2) *By Order of the Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending

for independent adjudication by the court. Unless specified in the order, a dismissal under this paragraph is without prejudice.

4. In *Kona Enters.,* the district court permitted the non-diverse plaintiffs, Tach One, Balanced Value Fund, and Montrose Nationwide Limited Partnerships, to voluntarily dismiss their claims with prejudice provided they waive all claims against defendants. 229 F.3d at 882. Although the court did not expressly state so, it appears these non-diverse plaintiffs were allowed to voluntarily dismiss their claims so as to preserve complete diversity among the remaining plaintiffs. *Id.*

of "prevailing party" as used in "numerous federal statutes."[5] *Id.*

In that case the petitioner brought suit against the respondent opposing the enforcement of West Virginia's "self preservation" laws.[6] *Id.* at 600–01, 121 S.Ct. 1835. Thereafter, the Virginia legislature enacted two bills eliminating the "self preservation" requirements. *Id.* at 601, 121 S.Ct. 1835. The United States District Court granted the respondent's motion to dismiss the case as moot. *Id.* The petitioner requested attorneys fees as the "prevailing party." *Id.*

The Court applied the plain meaning of the term "prevailing party". *Id.* at 602–03, 121 S.Ct. 1835. Consulting *Black's Law Dictionary* 1145 (7th ed.1999), the Court noted that prevailing party was defined as "[a] party in whose favor a judgment is rendered, regardless of the amount awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed *successful party*." *Id.* at 603, 121 S.Ct. 1835. The Court concluded that "a defendant's voluntary change in conduct, although accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605, 121 S.Ct. 1835. Explaining that it had never awarded attorney's fees for a nonjudicial alteration of actual circumstances, the Court rejected an "award where there is no judicially sanctioned change in the legal relationship of the party." *Id.* at 605–06, 121 S.Ct. 1835. Thus, the Court held that a party is not a "prevailing party" if it failed to secure a judgment on the merits or a court-ordered consent decree, even if the party achieved the desired result. *Id.* at 600, 606, 121 S.Ct. 1835.

In *Dean*, the Fifth Circuit was faced with the question of whether the plaintiffs' voluntary dismissal of their civil rights action against the defendant warranted attorney's fees under 42 U.S.C.A. § 1988.[7] *Dean*, 240 F.3d at 506. In examining that statute, which allowed such fees for the prevailing party, the Fifth Circuit explained that Congress intended that attorney's fees be awarded to " 'make it easier for a plaintiff of limited means to bring a meritorious suit,' " and "to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 508 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 98 S.Ct. 694, 54 L.Ed.2d 648, (1978)). The appeals court noted that the Eighth Circuit had adopted a bright-line rule with respect to determining whether a defendant had prevailed, requiring that the "defendant must be able to point to a judicial declaration to its benefit." *Id.* at 511 (quoting *Marquart*, 26 F.3d at 852).

The Fifth Circuit had previously concluded that a plaintiff's involuntary "dismissal with prejudice *is deemed an adjudication on the merits* ... [;] as such, the [defendant] has *clearly prevailed in this litigation.*" *Id.* at 509 (quoting *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164 (5th Cir.(1995) (emphases in original)). But, the Fifth Circuit reasoned that a "critical distinguishing point" existed between "the instant plaintiffs' voluntary dismissal of their suit with prejudice and the involuntary dismissal of [a] plaintiff's action[.]" *Id.* It pointed out that "many circumstances may influence a plaintiff to voluntarily dismiss his [or her] claim [8]

---

5. The *Buckhannon* case involved awarding attorney's fees to the "prevailing party" as expressly provided by the Fair Housing Amendments Act, 42 U.S.C. § 3613(c)(2) (1988) and the American Disabilities Act, § 505, 42 U.S.C.A § 1205 (1990). *Buckhannon*, 532 U.S. at 600, 121 S.Ct. 1835.

6. *See* West Virginia Code §§ 16–5H–1 and 16–5H–2 (1988) (requiring that all residents of residential board and care homes be capable of "self preservation," or capable of moving themselves "from situations involving imminent danger, such as fire"); *see also* West Virginia Code of State Rules, tit. 87, sec. 1, § 14.07(1) (1995).

7. Under § 1988, a court "in its discretion may allow the prevailing party ... a reasonable attor-

ney's fee as a part of the costs" for proceedings in the vindication of civil rights. *Dean*, 240 F.3d at 505 (quoting 42 U.S.C.A. § 1988).

8. For example, the circuit court of appeals indicated that a party may voluntarily dismiss his [or her] claim to "withdraw a complaint in federal court to pursue exclusively a state law cause of action" *Dean*, 240 F.3d at 509. Also, a "plaintiff whose claim appeared meritorious at the onset may encounter various changes in his [or her] litigation posture during the unpredictable course of litigation" and, thus, "voluntarily withdrawing the complaint with prejudice would be the prudent thing to do." *Id.*

... [which do] not warrant a conclusion that a defendant in such a case has prevailed." *Id.* at 510.

The circuit court of appeals recognized also that a calculating plaintiff could voluntarily withdraw a complaint "to escape a disfavorable judicial determination on the merits." *Id.* Accordingly, in interpreting § 1988, the court held that a defendant is not a prevailing party when a "plaintiff voluntarily dismisses his [or her] claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits." [9] *Id.* at 511.

### III.

Although *Buckhannon* is not binding on this court, the holding in that case alters the definition of "prevailing party" previously applied in the lower federal courts and upon which *Wong* had relied. As such, we should not hold that a party "prevailed" merely because the opposing party entered a voluntary dismissal of the case. In *Buckhannon,* however, the Court adopted a stricter approach than envisioned in *Wong* and *Blair,* holding that attorney's fees should only be awarded where a party prevailed by obtaining a judgment on the merits or a court ordered consent decree. *Buckhannon,* 532 U.S. at 600–02, 605–06, 121 S.Ct. 1835; *see also S–1 and S–2 v. State Bd. of Educ. of N.C.,* 21 F.3d 49, 51 (1994) (en banc) ("A person may not be a 'prevailing party' ... except by virtue of having obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought.").

A more flexible approach is exemplified in the considerations set forth in *Dean. Dean* properly noted that many circumstances influence a plaintiff's decision to voluntarily dismiss a claim, some of which have nothing to do with the defendant's position or the merits of the case. Thus, more in line with the plain language definition of "prevailing

party," and taking the considerations in *Dean* into account, I would hold that a defendant would acquire prevailing party status based only on some judicial declaration to the defendant's benefit, unless the defendant shows that the plaintiff's "voluntary" dismissal was to avoid a disfavorable judgment on the merits.

### IV.

For the foregoing reasons, I would vacate the court's order denying attorney's fees and costs as provided in HRS § 607–14 and HRCP Rule 54(d) and remand with instructions to apply the test referred to above to determine if Skydive was a "prevailing party."

---

**9.** Ultimately the Fifth Circuit held that the test to be applied was as follows: "Upon the defendant's motion, the U.S. district court must determine that the plaintiff's case was voluntarily dismissed to avoid judgment on the merits. Once this affirmative determination has been made, the defendant must then establish that the plaintiff's suit was frivolous, groundless, or without merit." *Dean,* 240 F.3d at 511. The dual requirements were justified by the policies underlying the civil rights statutes. *Id.*