UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., a foreign non-profit corporation, | No. 19-17283 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00301-DKW-WRP District of Hawaii, Honolulu |
| v. | |
| THE QUEEN'S MEDICAL CENTER, INC.,; NORTH HAWAII COMMUNITY HOSPITAL, INC.; MOLOKAI GENERAL HOSPITAL; DOES, 1-10, inclusive, | ORDER |
| Defendants-Appellees. | |
| KAISER FOUNDATION HEALTH PLAN, INC., a foreign non-profit corporation, | No. 20-15438 |
| Plaintiff-Appellee, | D.C. No. 1:19-cv-00301-DKW-WRP District of Hawaii, Honolulu |
| v. | |
| THE QUEEN'S MEDICAL CENTER, INC.,; NORTH HAWAII COMMUNITY HOSPITAL, INC.; MOLOKAI GENERAL HOSPITAL, | |
| Defendants-Appellants, | |
| and | |
| DOES, 1-10, inclusive, | |
| Defendant. | |

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Kaiser's petition for rehearing is granted. *See* Dkt. No. 64. The memorandum disposition filed on February 8, 2022 is withdrawn and is replaced by a memorandum disposition filed concurrently with this order. No further petitions for rehearing will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAISER FOUNDATION HEALTH PLAN, INC., a foreign non-profit corporation,

        Plaintiff-Appellant,

  v.

THE QUEEN'S MEDICAL CENTER, INC.,; NORTH HAWAII COMMUNITY HOSPITAL, INC.; MOLOKAI GENERAL HOSPITAL; DOES, 1-10, inclusive,

        Defendants-Appellees.

No.   19-17283

D.C. No.
1:19-cv-00301-DKW-WRP

MEMORANDUM[*]

KAISER FOUNDATION HEALTH PLAN, INC., a foreign non-profit corporation,

        Plaintiff-Appellee,

  v.

THE QUEEN'S MEDICAL CENTER, INC.,; NORTH HAWAII COMMUNITY HOSPITAL, INC.; MOLOKAI GENERAL HOSPITAL,

        Defendants-Appellants,

 and

No.   20-15438

D.C. No.
1:19-cv-00301-DKW-WRP

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DOES, 1-10, inclusive,

Defendant.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted January 21, 2022
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

The Queen's Medical Center (QMC) operates hospitals in Hawaii that provide emergency care; Kaiser Foundation Health Plan is a health maintenance organization (HMO). In the past, the two had a series of written contracts setting the price Kaiser would pay QMC for services that QMC rendered to Kaiser enrollees. But in May 2019, QMC informed Kaiser that it was terminating those contracts and that in the future it would provide emergency care to Kaiser members at 100 percent of billed charges and would "balance bill" Kaiser members for any amounts Kaiser did not pay.

Kaiser sued QMC in federal district court, seeking declaratory and injunctive relief. Specifically, it sought a declaration stating that Kaiser was obligated to pay QMC only the reasonable value of services rendered to Kaiser members under the principles of quantum meruit, as well as an injunction prohibiting QMC from demanding more. It also sought a declaration that the Hawaii Health Maintenance

Organization Act, Haw. Rev. Stat. § 432D-8, prohibits QMC from "balance billing" Kaiser members, and an injunction prohibiting QMC from seeking payment from them. The district court dismissed all of Kaiser's claims without leave to amend.

QMC then sought attorney's fees under Haw. Rev. Stat. § 607-14, but the district court adopted a magistrate judge's recommendation that fees be denied. Kaiser appeals the dismissal of its claims, and QMC cross-appeals the denial of its motion for attorney's fees. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291, and we vacate in part, affirm in part, and remand with instructions to dismiss for lack of jurisdiction.

1.      The district court did not decide whether Kaiser had standing to bring its claims, but we are obliged to examine standing before addressing the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). In the rate-related claims, Kaiser requests a declaration stating that principles of restitution dictate that it must pay QMC only the reasonable value of services rendered to Kaiser enrollees. It seeks this declaration to establish the measure of recovery to which QMC would be entitled in subsequent litigation. But at oral argument, QMC expressly and unequivocally disclaimed any right to seek such recovery from Kaiser, stating that it lacks any legal entitlement to be reimbursed by Kaiser for the cost of emergency services it provides to Kaiser enrollees. This representation to

3

the court by QMC constitutes a judicial admission that is "binding in any forum in which the same controversy arises." *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012). In light of that commitment from QMC, Kaiser cannot show a "substantial likelihood" that a declaration would redress any injury, so it lacks standing to seek such relief. *Mayfield v. United States*, 599 F.3d 964, 971–72 (9th Cir. 2010) (quoting *Johnson v. Stuart*, 702 F.2d 193, 196 (9th Cir. 1983)). For similar reasons, Kaiser lacks standing to seek an injunction. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). We therefore vacate the district court's dismissal with prejudice as to these claims and remand with instructions to dismiss for lack of jurisdiction.

2.      Kaiser also seeks a declaration and an order preventing QMC from balance billing its enrollees, but it lacks standing to pursue this relief as well. "At the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975) (ellipsis in original)). Kaiser has not sufficiently alleged that it will be injured if QMC bills Kaiser members for amounts exceeding the rate set under the previous contract, nor has it alleged facts to support a theory of representational standing. *See Smith v. Pacific Props. & Dev. Corp.*, 358 F.3d 1097, 1101–02 (9th Cir. 2004) (citing *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). We therefore vacate the district

4

court's dismissal with prejudice as to these claims and remand with instructions to dismiss for lack of jurisdiction.

3.      In the cross-appeal, QMC seeks attorney's fees under Haw. Rev. Stat. § 607-14, which provides that the losing party shall pay the prevailing party's attorney's fees "in all actions in the nature of assumpsit." Because a judgment need not be on the merits for a prevailing party to recover fees, our resolution of Kaiser's claims does not moot the cross-appeal. *See Ranger Ins. Co. v. Hinshaw*, 79 P.3d 119, 124 (Haw. 2003). Although QMC did not object to the magistrate judge's recommendation that it was not entitled to fees, we may review this challenge because "failure to object to the magistrate's report, 'standing alone' does not constitute [forfeiture]." *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (quoting *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991)). We review de novo whether the district court correctly interpreted and applied the relevant statute granting attorney's fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

"When the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of assumpsit.'" *Leslie v. Estate of Tavares*, 994 P.2d 1047, 1053 (Haw. 2000). Kaiser sought declaratory and injunctive relief; it did not seek money damages. This action is therefore not in the nature of assumpsit, and QMC is not entitled to attorney's fees.

5

The parties shall bear their own costs on appeal.

**VACATED IN PART and AFFIRMED IN PART; REMANDED.**