MARY ANN FOUNTAIN *v.* EVA MACKENZIE, DEFENDANT, AND JAMES F. BICKNELL, AUDITOR CITY AND COUNTY OF HONOLULU, GARNISHEE.

No. 1972.

ARGUED MAY 8, 1931.                    DECIDED JUNE 24, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an action brought on January 30, 1930, for the recovery of the reasonable value of the use and occu-

pation of certain premises situate in the city of Honolulu and alleged to be the property of the plaintiff. In her answer the defendant admits her occupancy of the premises during a portion of the period alleged in the complaint and also admits that during that period she paid nothing for their use and occupation. She alleges that her possession was under a claim of right exercised in good faith. She denies that the reasonable value of the premises is that alleged in the complaint and alleges that it is much less. During the pendency of the action and before judgment the defendant filed a plea of bankruptcy *puis darrein continuance*. In this plea it is alleged that on "the 5th day of June, 1930, in the district court of the United States for the district of Hawaii, the said defendant was granted a discharge in bankruptcy under the Acts of Congress relating to bankruptcy by said court from all debts and claims which are made provable by said Acts against her estate and which existed on the 26th day of March, 1930, on which date the petition for adjudication was filed by her, excepting such debts as are by law excepted upon the operation of a discharge in bankruptcy," and that the debt sued on was contracted previous to the 26th day of March, 1930, and was not a debt excepted from the operation of said discharge in bankruptcy. To this plea the plaintiff filed an answer admitting most of the allegations contained in the plea but denying that the claim sued upon was for rents prior to the 26th day of March, 1930, and "further answering the plaintiff alleges that the cause of action stated in plaintiff's complaint filed herein arose out of a tort and is not a provable debt or claim as allowed by law upon the operation of a discharge in bankruptcy." The defendant demurred to the answer on several grounds, the material one being in substance that it appears by the plaintiff's complaint that the suit is in assumpsit and

not in tort. This demurrer was sustained and the case was dismissed, to which action of the court the plaintiff excepted.

The question presented is whether the claim set up in the complaint was provable in bankruptcy. The Bankruptcy Act (30 Stat. L. § 63, p. 562) provides: "Debts of the bankrupt may be proved and allowed against his estate which are * * * (4) founded upon an open account, or upon a contract express or implied." Collier, in his work on Bankruptcy (v. 2, p. 1428), says: "It is now conclusively established that a claim for unliquidated damages is not a provable debt, when it arises out of a pure tort, that is, where there is no breach upon an express contract, nor such enrichment of the wrongdoer as may form the basis for an implied contract."

In her memorandum brief the defendant says: "If a claim is for a mere tort, *where the tort-feasor has obtained nothing of value,* unliquidated at the time of bankruptcy, we are ready to admit that it is not a provable claim." The substance of this admission, which is nothing more than what under the law would have to be admitted, is that when a claim arises out of a mere tort wholly unconnected with any contractual obligation on the part of the tort-feasor and is committed under circumstances that do not give rise to an implied promise to restore to the injured party whatever of value he has lost by reason of the tort, and which claim has not been liquidated before bankruptcy, the claim is not provable in bankruptcy and therefore not discharged. In *Schall* v. *Camors,* 251 U. S. 239, 251, the court said: "Upon every consideration, we are clear that claims based upon a mere tort are not provable. Where the tortious act constitutes at the same time a breach of contract a different question may be raised, with which we have no present concern; and where, by means of the tort, the tort-feasor obtains something

of value for which an equivalent price ought to be paid, even if the tort as such be forgiven, there may be a provable claim *quasi ex contractu.*"

It is clear enough from the pleadings that the claim in the instant case was not founded on an open account or upon an express contract. It is alleged in the complaint that the defendant, at the time specified, wrongfully, unlawfully and contrary to the rights of the plaintiff entered upon the premises described and continuously from that day up to and including the 25th day of July, 1925, withheld possession of the premises from the plaintiff and that during all of said time defendant occupied the premises and deprived plaintiff of their use and occupation. The only answer which the defendant makes to this part of the complaint is that she occupied the premises "under a claim of right exercised in good faith." The allegations of both the complaint and the answer negative the idea that there was any express contractual relation between the parties. The only question therefore to be decided is whether the claim was founded on an implied contract.

It is obvious that the complaint alleges a trespass *quare clausum fregit.* It is contended by the defendant, however, that the complaint shows on its face that the tort was waived and that the action was predicated on the defendant's implied promise to pay the reasonable value of the use and occupation of the premises and should therefore be construed to be in assumpsit. This contention is based, among other things, on the prayer of the complaint for a reasonable attorney's commission and on its prayer for process of garnishment against the City and County of Honolulu, in whose service the defendant was engaged, and the issuance of such writ.

It is true under our statutes that a prayer for attorney's commissions and for writ of garnishment is inconsistent with an action *ex delicto.* The former can

only be awarded and the latter can only be issued in actions *ex contractu*. It is evident therefore that the plaintiff intended her action to be in assumpsit on an implied contract. *Braham* v. *Honolulu Amusement Co.,* 21 Haw. 583.

In answer to this the plaintiff contends that her claim arose out of the kind of tort which under the law could not be waived so as to convert her claim into one arising out of an implied contract, which under the bankruptcy statute she could have established in the bankruptcy proceeding.

The rule is firmly established that the tort may be waived and an action of contract brought in all cases where the law implies a promise on the part of the wrong-doer to reimburse the party injured by his act. This can be done, however, only where such a contract can be implied. The question therefore resolves itself into the single inquiry of whether by implication of law there was a promise on the part of the defendant to pay to the plaintiff the reasonable value of the use and occupation of the premises.

In *Lloyd* v. *Hough,* 42 U. S. (1 How.) 152, 158, the court said: "But whenever the action of *assumpsit* for use and occupation has been allowed, it has been founded and would seem necessarily to be founded upon contract either express or implied. The very term *assumpsit* presupposes a contract. Whatever, then, excludes all idea of a contract, excludes, at the same time, a remedy which can spring from contract only, which affirms it, and seeks its enforcement. To maintain the action for use and occupation, therefore, there must be established the relation of landlord and tenant, a holding by the defendant under a knowledge of the plaintiff's title or claim, and under circumstances which amount to an acknowledgment of, or acquiescence in, such title or claim, and

an agreement or permission on the part of the plaintiff. The action will not lie where the possession has been acquired and maintained under a different or adverse title, or where it was tortious and makes the holder a trespasser." The question is quite fully discussed in the opinion and several cases are cited in support of the conclusion reached. The same rule is laid down in the following subsequent cases: *Langford* v. *United States,* 101 U. S. 341, 346; *United States* v. *Jones,* 131 U. S. 1, 16, 18, and *Hill* v. *United States,* 149 U. S. 593, 598. In the last of these cases the court said: "An action in the nature of assumpsit for the use and occupation of real estate will never lie where there has been no relation of contract between the parties, and where the possession has been acquired and maintained under a different or adverse title, or where it is tortious and makes the defendant a trespasser."

These cases are conclusive that there was no implied contract on the defendant's part to pay for the use and occupation of the premises. This being so the plaintiff had no claim arising out of an implied contract which could have been allowed in the bankruptcy proceeding.

It is not denied, as of course it could not be, that a discharge in bankruptcy only relieves the bankrupt of those debts which were provable under the bankruptcy law. It was error therefore to sustain the demurrer to the plaintiff's answer to the plea of bankruptcy *puis darrein continuance.*

The exception is sustained and the case is remanded with instructions to overrule the demurrer to plaintiff's answer to the plea of bankruptcy *puis darrein continuance* and for such further proceedings as are not inconsistent with this opinion.

*F. Patterson* and *J. H. Peters* (*F. Patterson* on the briefs) for plaintiff.

*N. D. Godbold* (*Heen & Godbold* on the briefs) for defendant.